UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **RENEE MERCKX**, | ) |
| | ) **Case No.:** |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **COMPLAINT AND DEMAND** |
| **CAPITAL ONE (USA), N.A.**, | ) **FOR JURY TRIAL** |
| | ) |
| Defendant. | ) |

## COMPLAINT

RENEE MERCKX ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CAPITAL ONE (USA) N.A. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United

States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Michigan and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Michigan.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Canton, Michigan 48187.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its mailing address located at 1680 Capital One Drive, Mclean, VA 22101.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone.

PLAINTIFF'S COMPLAINT

12.     Defendant called Plaintiff on a repeated basis on her cellular telephone.

13.     When contacting Plaintiff, Defendant called Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

14.     Plaintiff knew that Defendant was calling her using an automated telephone dialing system as she was routinely greeted by a recording prior to connecting to one of Defendant's live agents.

15.     Defendant's telephone calls were not made for "emergency purposes."

16.     Soon after the calls began and on subsequent occasions thereafter, Plaintiff spoke with Defendant and revoked any consent that may have been previously given to Defendant to call her cellular telephone.

17.     Once Defendant was informed that its calls were unwanted and to stop calling, all further calls could only have been made solely for the purposes of harassment.

18.     Rather than restricting its calls to Plaintiff's cellular telephone, Defendant proceeded to ignore Plaintiff's revocation and additional demands to stop calling her cellular telephone and continued to call her an excessive number of times per day.

19. The subsequent calls from Defendant were especially grating, unnerving and harassing to Plaintiff since these calls often disrupted Plaintiff's business operations and communications with her clientele.

20. Exasperated and annoyed by Defendant's failure to stop calling her, Plaintiff downloaded a blocking application onto her cellular telephone as a means to stop these harassing calls.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

24. Defendant's calls to Plaintiff were not made for "emergency purposes."

25. Defendant's calls to Plaintiff after she revoked consent were not made with Plaintiff's prior express consent.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, RENEE MERCKX, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RENEE MERCKX, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: November 27, 2019      KIMMEL & SILVERMAN, P.C.

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com